**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| Joanne McWhorter, | : | Case No. 1:13CV1708 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **REPORT AND** |
| Commissioner of Social Security, | : | **RECOMMENDATION** |
| | : | |
| Defendant. | : | |

**I. INTRODUCTION**

This matter was referred to the undersigned Magistrate, pursuant to 28 U.S.C. § 636 and UNITED STATES DISTRICT COURT LOCAL RULE 72.2, for Report and Recommendation as to Plaintiff Jonanne McWhorter's ("Plaintiff") request for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a). Pending is Plaintiff's Motion (Docket No. 19), and Defendant's Response (Docket No. 20). For the reasons set forth below, the Magistrate recommends Plaintiff's Motion for Attorney Fees be granted.

**II. PROCEDURAL BACKGROUND**

On March 25, 2010, Plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381, alleging a period of disability beginning January 30, 2009 (Docket No. 14, p. 157 of 670). Plaintiff's claim was denied initially on July 20, 2010 (Docket No. 14, p. 91 of 670), and upon reconsideration on February 11, 2011 (Docket No. 14, p. 101 of 670). Plaintiff thereafter filed a timely written

1

request for a hearing on September 11, 2011 (Docket No. 14, p. 114 of 670). On February 7, 2012, Plaintiff appeared with counsel for a hearing before Administrative Law Judge Valencia Jarvis ("ALJ Jarvis") (Docket No. 14, pp. 29-70 of 670). Also present at the hearing was an impartial Vocational Expert ("VE") (Docket No. 14, pp. 63-69 of 670). ALJ Jarvis found Plaintiff to have a severe combination of lumbago, lumbar strain and sprain, mild degenerative changes of the left hip, obesity, and depressive disorder not otherwise specified ("NOS"), with an onset date of February 19, 2010 (Docket No. 14, p. 17 of 670).

Despite these limitations, ALJ Jarvis determined, based on all the evidence presented, that Plaintiff had not been disabled within the meaning of the Social Security Act at any time from the application date through the date of her decision (Docket No. 14, p. 22 of 670). ALJ Jarvis found Plaintiff had the residual functional capacity to perform light work, as defined in 20 C.F.R. § 416.967(b), but was limited to only occasional stooping (Docket No. 14, p. 18 of 670). The ALJ also determined that Plaintiff had the ability to understand, remember, and carry out simple instructions and perform repetitive tasks but required an environment with few or no fast paced production requirements (Docket No. 14, p. 19 of 670). While Plaintiff had no past relevant work, ALJ Jarvis found her capable of performing other work in the national economy (Docket No. 14, p. 21 of 670). Plaintiff's request for benefits was therefore denied (Docket No.14, p. 22 of 670).

On August 7, 2013, Plaintiff filed a Complaint in the Northern District of Ohio, Eastern Division, seeking judicial review of her denial of SSI (Docket No. 1). On March 14, 2014, the undersigned Magistrate recommended the matter be remanded, pursuant to sentence four of 42 U.S.C. § 405(g), for further consideration of Plaintiff's treating psychiatrist, Dr. Fajobi (Docket

No. 17). On April 1, 2014, United States District Judge Lesley Wells issued an Order adopting the Report and Recommendation in its entirety (Docket No. 18).

On April 16, 2014, Plaintiff filed a Motion for Attorney Fees (Docket No. 19) and Defendant filed its Response on April 30, 2014 (Docket No. 20).

### III. EAJA STANDARD FOR AWARDING FEES

The EAJA is a departure from "the general rule that each party to a lawsuit pays his or her own legal fees." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004)(quoting *Scarborough v. Principi*, 541 U.S. 401, 404 (2004)). The "EAJA authorizes the payment of fees to a prevailing party in an action against the United States," unless the Government can show that its position in the underlying litigation was substantially justified or that special circumstances make an award unjust. *Scarborough*, 541 U.S. at 405 (citing 28 U.S.C. § 2412(d)(1)(A)). Such costs may include various court and filing fees. 28 U.S.C. § 2412(a)(1)-(2) (West 2014). A prevailing party may also be eligible to receive reasonable expenses and fees of his attorneys. 28 U.S.C. § 2412(b) (West 2014). The United States, or any agency or official thereof, shall be liable for such expenses and fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such an award." 28 U.S.C. § 2412(b) (West 2014).

Within thirty days of a final judgment, a party seeking an award of fees and expenses shall submit to the court an application for such fees and expenses that shows satisfaction of four requirements: (1) the party is a prevailing party; (2) the party is eligible to receive an award under 28 U.S.C.A. § 2412(b); (3) the position of the United States was not substantially justified; and (4) an itemized statement from any attorney or expert witness representing or appearing on

behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. 28 U.S.C. § 2412(d)(1)(B) (West 2014); *Scarborough*, 541 U.S. at 405.

## IV. ANALYSIS

Plaintiff contends: (1) she is a prevailing party; (2) she is eligible to receive EAJA fees; (3) the position of the government in denying her SSI was not substantially justified; and (4) the record has been properly supplemented with the basis for attorney fee calculations (Docket No. 19). Plaintiff seeks an award of attorney fees totaling $2,750 (Docket No. 19).

Defendant does not object to Plaintiff's Motion for Attorney Fees nor to the specific amount requested (Docket No. 20).

### A. THE PREVAILING PARTY

Plaintiff contends she is a "prevailing party" for purposes of the EAJA requirements because she was successful in obtaining a remand for further proceedings (Docket No. 19). "A Social Security claimant who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party for purposes of the EAJA." *Olive v. Comm'r of Soc. Sec.*, 534 F.Supp.2d 756, 757 (N.D. Ohio 2008)(citing *Shalala v. Schaefer*, 509 U.S. 292 (1993)).

In this case, Plaintiff was awarded a remand order pursuant to sentence four of 42 U.S.C. § 405(g) on April 1, 2014 (Docket No. 18). Defendant does not dispute Plaintiff is a prevailing party under the Act (Docket No. 20). Plaintiff is therefore a prevailing party for purposes of the EAJA.

### B. ELIGIBILITY FOR AN AWARD

To be eligible under the statute to receive an award of attorneys fees and/or expenses, the individual's net worth must not exceed $2,000,000 at the time the civil action was filed. 28

U.S.C. § 2412(d)(2)(B) (West 2014). While Plaintiff's motion does not specifically state her net worth, by filing her Motion for Attorney Fees, Plaintiff asserts she is an individual whose net worth did not exceed the $2,000,000 threshold at the time her civil action was filed (Docket No. 19). The record reflects that Plaintiff receives government assistance and therefore it is improbable that her net worth exceeded $2,000,000 at the time of filing (Docket No. 14, pp. 47-48 of 670). Defendant does not contest the issue of Plaintiff's net worth (Docket No. 20). The undersigned Magistrate concludes Plaintiff is therefore eligible for the award.

**C.    SUBSTANTIAL JUSTIFICATION**

The government bears the burden of showing that its position was substantially justified or that special circumstances make an award unjust, which requires evaluating whether the United States presented a reasonable position based in both law and fact. *See Olive*, 534 F.Supp.2d at 758; *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The government's position is justified "if it is 'justified in substance or in the main-that is, justified to a degree that could satisfy a reasonable person.'" *Olive*, 534 F.Supp.2d at 758 (citing *Pierce*, 487 U.S. at 565).

"[A]ttorney fees are not to be awarded just because the government lost the case." *Id.* (citing *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987)). A court must be careful to maintain the distinction between a lack of substantial evidence, which results in a remand to the Defendant, and a lack of substantial justification, which results in an award of attorney's fees. *Olive*, 534 F.Supp.2d at 758. The government's position "'can be justified even though it is not correct.'" *Id.* at 759.

Plaintiff alleges that Defendant was not substantially justified in its denial of her benefits (Docket No. 19, p. 2 of 3). Specifically, Plaintiff claims that the ALJ failed to provide "good

5

reasons" for rejecting the opinion of her treating psychiatrist and did so without complying with the procedural requirements set forth in the regulations (Docket No. 19, p. 2 of 3). Since the parties did not object to the undersigned Magistrate's Report and Recommendation, Plaintiff argues that this demonstrates Defendant's position was not substantially justified (Docket No. 19, p. 2 of 3). Defendant does not contest Plaintiff's allegations thereby failing to carry her burden of proving the ALJ's failure to comply with a well-established agency regulation is substantially justified (Docket No. 20). Therefore, this Magistrate finds that the Defendant's findings and conclusions were not substantially justified.

### D. THE BASIS FOR THE AWARD

Plaintiff argues she is entitled to attorney fees totaling $2,750 (Docket No. 19). This amount represents an expenditure of twenty-two hours by Plaintiff's counsel multiplied by an hourly rate of $125, the current cap for attorneys' fees (Docket No. 19, p. 1 of 3). Defendant does not contest this amount (Docket No. 20).

#### 1. COMPENSABLE HOURLY RATE

Once a court concludes attorney fees should be awarded under the EAJA, the Court must determine if the fee itself is reasonable. 28 U.S.C. § 2412(d)(2)(A) (West 2014). "Courts are obligated to prune unnecessary hours from fee petitions because, '[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.'" *Gunther v. Comm'r of Soc. Sec.*, 943 Supp.2d 797, 800 (N.D. Ohio 2013). Under the EAJA, attorney fees are awarded based upon the "prevailing market rates for the kind and quality of the services furnished, except that ' . . . attorney fees shall not be awarded in excess of $125 per hour unless

the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Id.* (quoting 28 U.S.C. § 2412(d)(2)(A)).

After reviewing the itemized statement of services provided by Plaintiff's counsel, the undersigned Magistrate determines the request for fees is adequately documented. Counsel expended twenty-two hours in her representation of Plaintiff (Docket No. 19, p. 1 of 3; Docket No. 19, Attachment 1, p. 1 of 1). Counsel made a good faith effort to be clear and succinct in her pleadings. There is neither padding nor the assertion of frivolous claims. There are no excessive, redundant, or unnecessary hours included in the schedule of services. Defendant does not contest Plaintiff's documented work or requested rate (Docket No. 20). The undersigned Magistrate finds the compensable hours in this case to be twenty-two and that Plaintiff is entitled to an award of fees based on the hourly rate of $125.

    **2.**    **TOTAL AWARD**

In the present case, Plaintiff did not request costs or other expenses incurred as a result of obtaining the remand; accordingly, the attorney fee award of $2,750 (22 hours x $125 per hour) represents the total award. This award of attorney fees is payable to Plaintiff. *See Astrue v. Ratliff*, 560 U.S. 586, 594 (2010).

**V. CONCLUSION**

For these reasons, the Magistrate recommends that the Court grant Plaintiff's Motion for Attorney Fees and terminate the referral to the undersigned Magistrate Judge.

                                                     /s/Vernelis K. Armstrong
                                                      United States Magistrate Judge

Date:   June 25, 2014

## VI. NOTICE

Please take notice that as of this date the Magistrate Judge's report and recommendation attached hereto has been filed. Pursuant to Rule 72.3(b) of the LOCAL RULES FOR THE NORTHERN DISTRICT OF OHIO, any party may object to this report and recommendations within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection within the fourteen-day period shall constitute a waiver of subsequent review, absent a showing of good cause for such failure. The objecting party shall file the written objections with the Clerk of Court, and serve on the Magistrate Judge and all parties, which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. Any party may respond to another party's objections within fourteen days after being served with a copy thereof.

Please note that the Sixth Circuit Court of Appeals determined in *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981) that failure to file a timely objection to a Magistrate's report and recommendation foreclosed appeal to the court of appeals. In *Thomas v. Arn*, 106 S. Ct. 466 (1985), the Supreme Court upheld that authority of the court of appeals to condition the right of appeal on the filing of timely objections to a report and recommendation.